## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **VERA MARSHALL,** | **Case No. 20-cv-2021** |
| **Plaintiff,** | **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |
| **vs.** | |
| **CREDIT CONTROL, LLC.,** | |
| **Defendant**. | |

### CREDIT CONTROL, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Credit Control LLC ("Credit Control") by and through its undersigned counsel, hereby answers the Complaint of Plaintiff, Vera Marshall ("Plaintiff"), and states as follows:

### Introduction.

1.    In 1978, United States Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Thus, Congress enacted The Fair Debt Collection Practices Act "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C § 1692(e). Nevertheless, the Defendant Credit Control, LLC has continued to use unfair debt collection practices and, thus, has violated the Fair Debt Collection Practices Act.

**ANSWER: Admitted in part and denied in part. Credit Control admits only that Plaintiff filed the instant cause of action alleging damages for violations of the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* ("FDCPA"), but denies any violation of the FDCPA, or any other law that could reasonably entitle Plaintiff to any relief from Credit Control. The remainder of the allegations in Paragraph 1 constitute conclusions of law to which no response is required.**

### Jurisdiction and Venue.

2.     Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction of this civil action because the action arises under the laws of the United States. Pursuant to 28 U.S.C. § 1391 (b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because a substantial part of the events or omissions giving rise to this action occurred in the Northern District of Illinois, Eastern Division.

**ANSWER: The allegations in Paragraph 2 constitute conclusions of law to which no response is required.**

### PARTIES

3.     Vera Marshall is a single mother residing in the State of Illinois and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

**ANSWER: Credit Control lacks knowledge or information sufficient form a belief regarding the allegations of this paragraph and accordingly denies each and every allegation contained therein. The remaining allegations constitute conclusions of law to which no response is required.**

4.     Defendant Credit Control LLC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Credit Control is a Limited Liability Company headquartered in the State of

Missouri and also organized in the State of Illinois. According to Defendant Credit Control LLC's website, Defendant "Credit Control's history in the collections industry started in 1989 and currently serves over 450 clients."

**ANSWER: Credit Control admits only that it is a MO limited liability company and organized in the State of Illinois. The website speaks for itself, therefore no response is required. The remaining allegations in Paragraph 4 constitute conclusions of law to which no response is required.**

<u>Facts.</u>

5. Vera Marshall has incurred multiple debts and, like millions of other Americans, Vera Marshall has struggled to service her financial debt and she eventually became delinquent with respect to some consumer debts.

**ANSWER: Credit Control lacks knowledge or information sufficient to admit or deny allegations of paragraph 5 and accordingly Credit Control denies each and every allegation of this paragraph.**

6. Defendant Credit Control eventually began handling some of this consumer debt as a collection agency. Defendant Credit Control, as the collection agency, placed telephone calls to Vera Marshall repeatedly (several per day) with the intent to annoy or harass her. Defendant Credit Control has also placed telephone calls to Vera Marshall, has had Vera Marshall or her voice mail answer (within the Eastern Division), and then has disconnected those telephone calls without identifying the caller's identity.

**ANSWER: Credit Control admits only that it has been attempting to collect from Plaintiff a debt owed to Nissan Motor Acceptance Corporation. Credit Control denies any violation**

of the FDCPA or intent to annoy or harassed Plaintiff and denies each and every remaining allegation not specifically admitted.

## Cause of Action.

7.     The Fair Debt Collection Practices Act, in 15 U.S.C. § 1692d, provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;" and Subsections 1692d(5) and 1695d(6) specifically prohibit "[c]ausing a telephone to ring…repeatedly…with intent to annoy, abuse, or harass" and "the plac[ing] of telephone calls without meaningful disclosure of the caller's identity."

**ANSWER: The allegations in Paragraph 7 constitute conclusions of law to which no response is required.**

8.     Defendant Credit Control's repeated telephone calls to Vera Marshall and Defendant Credit Control's disconnection of those calls are direct violation of The Fair Debt Collection Practices Act, as stated in 15 U.S.C. § 1692d(5).

**ANSWER:  Credit Control admits only has been attempting to collect from Plaintiff a debt owed to Nissan Motor Acceptance Corporation. Credit Control denies any violation or misconduct to Plaintiff and denies each and every allegation not specifically admitted herein.  The remaining allegations in Paragraph 8 constitute conclusions of law to which no response is required.**

## Prayer for relief.

**WHEREFORE**, Vera Marshall prays that this Court enter judgment in her favor and against Defendant Credit Control for her damages, including statutory damages, and the costs of

this action, together with reasonable attorney's fees, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

**ANSWER: Credit Control denies that it violated the FDCPA. Credit Control denies that Plaintiff is entitled to recovery of any damages as Credit Control did not violate the law and was not a proximate or direct cause of any perceived harm claimed to Plaintiff. Credit Control denies that Plaintiff is entitled to a statutory damages, the costs of this action, and attorney's fees, unless and until Plaintiff is deemed a prevailing party in this action. To the extent that Plaintiff suggests that Credit Control violated any law or is liable to Plaintiff, Credit Control denies same.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Credit Control denies that it engaged in any violation of law or other wrongdoing, denies that it violated the FDCPA, or is otherwise liable under the FDCPA. Nevertheless, any alleged violation of the FDCPA would not have resulted in any actual damages suffered by the Plaintiff. Plaintiff therefore suffered no injury in fact, and any alleged injury in fact, the existence of which is expressly denied, would not be fairly traceable to the purported conduct of Credit Control. Accordingly, Plaintiff lacks standing to bring this action.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims must fail to the extent Plaintiff has failed to mitigate his damages, if any.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's agreement with the original creditor contains an arbitration provision. Credit Control demands that this matter be stayed, and that Plaintiff pursue his individual claims against Defendant in arbitration per the terms of his credit agreement. Therefore, Plaintiff lacks standing to bring this action in this forum. Credit Control affirmatively

asserts its right to compel individual arbitration of Plaintiff's claims. Plaintiff should dismiss this action and proceed in arbitration against the Credit Control.

## FOURTH AFFIRMATIVE DEFENSE

Any violation of the law by Credit Control, which is expressly denied, occurred as the result of a bona fide error notwithstanding procedures reasonably adapted to avoid such an error.

## FIFTH AFFIRMATIVE DEFENSE

Credit Control reserves the right to amend its answer and affirmative defenses herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third-party claims, as additional investigation, discovery or circumstances warrant.

Dated: June 3, 2020.                      Respectfully Submitted,

MALONE FROST MARTIN, PLLC

*Attorneys for Defendant*
Credit Control, LLC

By: /s/ Patrick A. Watts_____
Patrick A. Watts.
150 S. Wacker, Suite 2400
Chicago, IL 60601
Ph: (312) 725-8267
Fax: (888) 632-6937
Email: pwatts@mamlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of CREDIT CONTROL, LLC'S ANSWER

AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT was served on this 3rd

day of June 2020 via ECF to the following:

Paul Camarena, Esq.
North & Sedgwick, L.L.C.
500 So. Clinton, No. 132
Chicago, IL 60607
Phone: (312) 493-7494
Email: paulcamarena@paulcamarena.com

*Attorney for Plaintiff,*
*Vera Marhsall*

By:/s/:_Patrick A. Watts_____